UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

HUNTER SMITH,

     Plaintiff,

v.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

     Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff HUNTER SMITH through his undersigned counsel files this Complaint against Defendant CARNIVAL CORPORATION, a Panamanian corporation with its principal place of business in Florida, doing business as CARNIVAL CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff HUNTER SMITH is sui juris and is a permanent resident and citizen of the State of Tennessee.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant CARNIVAL CORPORATION has done business under the fictitious

name "CARNIVAL CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; there is complete diversity of citizenship between the parties as alleged above and the amount of damages claimed exceeds $75,000.00, the minimum jurisdictional amount required for diversity of citizenship cases. The damages alleged in Paragraph 21 support an award of damages in excess of $75,000.00.

5. At all material times, the Defendant has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

7. The Defendant's principal place of business is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court.

8. Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant a timely written notice of claim as required by the ticket contract.

## COMMON LIABILITY AND DAMAGE ALLEGATIONS

9. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "GLORY."

10. At all material times, the Plaintiff was a fare-paying passenger on board the M/S GLORY and in that capacity was lawfully present on board the vessel.

11. On or about September 20, 2019, while the Plaintiff was lawfully on board the M/S GLORY as a fare paying passenger, he was participating in a trivia competition in a sports bar on deck 5 of the ship. The competition was organized and operated by Defendant's crew members acting in furtherance of the ship's business, organizing and supervising vessel sponsored onboard entertainment activities such as the trivia competition.

12. At the conclusion of the trivia competition, the Plaintiff was tied for first place with another passenger participating in the competition. The passenger tied with Plaintiff was very large and had a visibly muscular physique.

13. In an apparent attempt at humor, the "Carnival Fun Team" instructed the Plaintiff to arm wrestle the large, muscular other passenger in order to break the tie, as opposed to breaking the tie through other, non-physical means, e.g., extra questions, a coin flip, or other means not requiring physical contact between passengers of disparate size and weight.

14. The Defendant, through its "Carnival Fun Team" at all material times knew or should have known that the Plaintiff would be coerced into participating in the arm wrestling competition given the atmosphere it created in a crowded sports bar being watched and cheered on by other participants and intoxicated patrons inside the bar watching the activity.

15. Further, the Defendant through its "Carnival Fun Team" knew or should have known of the risks inherent in staging an impromptu arm wrestling match between passengers of disparate weight and size, with no safety equipment and no instruction to the passengers regarding safe conduct of the arm wrestling match.

16. At all material times, the Defendant, through the crewmembers serving in the "Carnival Fun Team," had actual notice of the readily visible disparity in size, weight and muscularity between the Plaintiff and the other passenger with whom he was being instructed to conduct an arm wrestling match.

17. At all material times, the Defendant, through the crewmembers serving in the "Carnival Fun Team," had actual or constructive notice of the dangers inherent in an arm wrestling match without precautions between passengers of disparate weight and muscularity, through prior similar incidents, common human experience, or otherwise.

18. The danger of participating in the arm wrestling match was not known or obvious to the Plaintiff, in light of the Plaintiff's reasonable assumption that the Defendant through its "Carnival Fun Team," represented to be professional party organizers and entertainment coordinators, would provide proper equipment or instruction to minimize the risk inherent in the arm wrestling match.

19. While attempting to engage in arm wrestling with the other passenger, as instructed by Defendant's "Carnival Fun Team".

20. While attempting to arm wrestle the other passenger, the Plaintiff, HUNTER SMITH, was injured, sustaining a distal humerus fracture.

21. As a direct and proximate result of engaging in the arm wrestling match as alleged above, the Plaintiff was injured in and about his body and extremities, sustaining injuries including a distal humerus fracture, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation and activation of preexisting injuries, and the inability to lead a normal life. Furthermore, he has incurred medical, hospital, and other out of pocket and health care expenses, along with lost wages and a loss of earning capacity, as a result of his injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## **COUNT I – OPERATIONAL NEGLIGENCE**

22. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 21 above and further alleges the following matters.

23. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care for his safety, including a duty to operate onboard entertainment activities with due regard for the safety of passengers engaging in those activities.

24. At all material times, the Defendant was vicariously liable for acts and omissions of its crewmembers engaged in furtherance of the business of the vessel, including the "Carnival Fun Team," and accordingly was vicariously liable for failure of the "Carnival Fun Team" to exercise reasonable care in organizing and operating onboard entertainment activities such as the trivia contest in which the Plaintiff was engaged when he was injured.

25. At all material times, the Defendant through its 'Carnival Fun Team" failed to exercise reasonable care in organizing, operating and conducting the trivia competition referred to in Paragraph 11, and was thereby negligent, in the following respects:

a. Directing the Plaintiff to engage in an arm-wrestling contest with a passenger of disparate size, weight and physical condition;

b. Failing to offer to the participants or use protective equipment during the arm-wrestling match;

c. Failure to provide proper instruction to the participants in the arm-wrestling match to minimize the risk of injury;

d. Failure to offer or implement alternative methods of breaking the tie in the trivia contest that would not require physical contact between passengers of disparate size, weight and physical condition.

26. As a direct and proximate result of the negligence of the "Carnival Fun Team" alleged above, for which the Defendant is vicariously liable as alleged above, the Plaintiff has sustained and will continue to sustain in the future the damages alleged in Paragraph 21.

**WHEREFORE** the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II – FAILURE TO WARN

27. The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 21 above and further alleges the following matters.

6
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

28. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care for his safety, including a duty to warn passengers including the Plaintiff of dangerous onboard conditions, including dangerous conditions present during onboard entertainment activities such as the trivia competition referenced in Paragraph 11 above.

29. At all material times, the Defendant was vicariously liable for acts and omissions of its crewmembers engaged in furtherance of the business of the vessel, including the "Carnival Fun Team," and accordingly was vicariously liable for failure of the "Carnival Fun Team" to exercise reasonable care in warning passengers including the Plaintiff of dangerous conditions occurring during onboard entertainment activities such as the trivia contest in which the Plaintiff was engaged when he was injured.

30. At all material times, the Defendant through its 'Carnival Fun Team" failed to exercise reasonable care in warning the Plaintiff of the dangers inherent in engaging in an onboard arm-wrestling contest with a passenger of disparate size, weight and physical condition, and failed to instruct the participants in the arm-wrestling match adequately to minimize the risk of injury, and was thereby negligent.

31. As a direct and proximate result of the negligent failure to warn or instruct of the "Carnival Fun Team" alleged above, for which the Defendant is vicariously liable as alleged above, the Plaintiff has sustained and will continue to sustain in the future the damages alleged in Paragraph 21.

**WHEREFORE** the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 18th day of June, 2021.

          **s/NICHOLAS I. GERSON**
          PHILIP M. GERSON
          Florida Bar No. 127290
          pgerson@gslawusa.com
          NICHOLAS I. GERSON
          Florida Bar No. 0020899
          ngerson@gslawusa.com
          EDWARD S. SCHWARTZ
          Florida Bar No. 346721
          eschwartz@gslawusa.com
          DAVID MARKEL
          Florida Bar No. 78306
          dmarkel@gslawusa.com
          JARED ROSS
          Florida Bar No. 0083857
          jross@gslawusa.com
          GERSON & SCHWARTZ, P.A.
          Attorneys for Plaintiff
          1980 Coral Way
          Miami, FL 33145-2624
          Telephone:(305) 371-6000
          Facsimile:(305) 371-5749